UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LATANYA RENELL TOWNSEND,  )<br>  )<br>    *Petitioner,*  )<br>  )<br>v.  )<br>  )<br>REUBEN HODGE, WARDEN,  )<br>  )<br>    *Respondent.*  ) | No. 1:05-cv-94<br>*Judge Edgar* |

**MEMORANDUM**

Latanya Renell Townsend ("Townsend") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Townsend seeks review of her 1998 state convictions for first-degree murder, conspiracy to commit murder, aggravated robbery, and conspiracy to commit aggravated robbery. Townsend raises claims of ineffective assistance of counsel; contends her convictions were obtained in violation of the principles of double jeopardy, by use of a coerced confession, with evidence gained pursuant to an unconstitutional search and seizure; and pursuant to an unlawful arrest. Townsend also claims the prosecution failed to disclose favorable evidence, the grand or petit jury were unconstitutionally selected, and she was denied her right to appeal [Court File No. 1].

It plainly appears from the petition filed in this case that the petitioner is not entitled to any relief. Rule 4 of the RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. The Court determines the respondent shall not file an answer, an evidentiary hearing is not necessary, and for the following reasons Townsend's § 2254 petition will be **DISMISSED**. Since the Court has determined her habeas petition will be dismissed, Townsend's motion for appointment of counsel will be **DENIED** as **MOOT** [Court File No. 4].

Townsend's petition reflects she was convicted of first-degree murder, conspiracy to commit murder, aggravated robbery, and conspiracy to commit aggravated robbery, and received an effective sentence of sixty years on April 3, 1998, in the Criminal Court of Hamilton County, Tennessee. The record reflects Townsend did not pursue a direct appeal [Court File No. 3, at 2].

Townsend filed a state post-conviction petition that was dismissed as time-barred on March 18, 2003 [Court File No. 3, at 3]. Townsend appealed the dismissal but on December 10, 2003, the appellate court affirmed the state court's denial of post-conviction relief.

A judgment in Tennessee becomes final thirty days after entry unless a timely post-trial motion is filed as designated in Rule 4(c) of the TENNESSEE RULES OF APPELLATE PROCEDURE. *State v. Lock,* 839 S.W.2d 436 (Tenn. Crim. App. 1992). The record presented by Townsend reflects that she did not file any post-trial motions or perfect an appeal to the Tennessee Court of Criminal Appeals. Accordingly, her conviction became final thirty days after the trial court's April 3, 1998 order, *i.e.* on or about May 3, 1998. *See* TENN. R. APP. P. 4(c).

Under Tennessee law in effect at the time of her conviction, Townsend had one year from May 3, 1998, the date on which her judgment of conviction became final, within which to seek post-conviction relief. *See* TENN. CODE ANN. § 40-30-102 (May 10, 1995) (provides a one-year statute of limitation for filing a petition for post-conviction relief). Townsend had until approximately May 3, 1999, to file a petition for post-conviction relief in the Hamilton County Criminal Court. Townsend's petition reflects that she did not file a state post-conviction petition until March 18, 2003, almost five years after her state judgment of conviction became final. Townsend's state post-conviction petition was dismissed by the state trial court as untimely.

2

Title 28 U.S.C. § 2244 provides for a one year statute of limitation to file an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The Supreme Court has explained that "an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8(2000). The United States Court of Appeals for the Sixth Circuit has determined that untimely state post-conviction petitions are not "properly filed" and will not toll the one-year statute of limitations. *Wilberger v. Carter*, 35 F.3d Appx. 111 (6th Cir. 2002) (table decision), *available in* 2002 WL 89671, at *3.

Townsend's § 2254 petition is untimely. To be "properly filed" under AEDPA, the state application for collateral review must comply with procedural filing requirements; thus, it must be timely filed. Townsend's improperly filed state post-conviction petition did not toll the one-year statue of limitations applicable to her § 2254 petition. Consequently, the one year statute of limitations had previously expired in this case.

Pursuant to the AEDPA, there is a one-year statute of limitation for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). The § 2254 motion was received by the Court Clerk on March 4, 2005. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See*

Rule 4(c) FED. R. APP. P. In the case before the Court, this rule applies because Townsend's § 2254 petition was presumably given to prison authorities by Towsend on March 1, 2005. Therefore, Townsend's motion was deemed filed as of March 1, 2005.

It appears from the record that Townsend's judgment of conviction became final May 3, 1998. Since Townsend failed to timely file a state post-conviction petition, any habeas petition was required to be filed one year from the date on which the state judgment of conviction became final. Therefore, the time for filing a § 2254 petition in her case expired on or about May 3, 1999, which is one year from the date on which Townsend's conviction became final. Since Townsend's § 2254 petition was filed on March 1, 2005, approximately seven years from the date on which her judgment of conviction became final, it is time-barred by the statute of limitations.

Accordingly, Townsend is not entitled to habeas corpus relief, Townsend's petition under 28 U.S.C. § 2254 [Court File No. 3] will be **DISMISSED.**

An appropriate judgment will enter.

> */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE